1  Mei F. Chen
2  Law Office of Mei F. Chen
   P.O. Box 5105
3  Canton, GA 30114
   Phone: (404) 939-5579
4
   Attorney for Plaintiff
5

6                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
7

8  **ROBERT HABEL**,                )   CASE NO.  1:24-CV-687
                                    )
9       Plaintiff                   )   **COMPLAINT FOR WRIT OF MANDAMUS**
                                    )   **AND DECLARATORY JUDGMENT**
10      vs.                         )
                                    )
11 **MICHAEL BORGEN**, in his       )
   official capacity, Acting District )
12 Director of the New York City    )
   Office of USCIS; **JOSEPH**      )
13 **CARDINALE**, New York City     )
   Acting Field Office Director,    )
14 USCIS; **STEPHEN ROSINA**, New   )
   York City Field Office Director, )
15 Adjustment of Status, USCIS      )
   Services; **ALEJANDRO**          )
16 **MAYORKAS**, in his official    )
   capacity, Secretary of the       )
17 Department of Homeland Security; )
   **ROBERT COWAN,**                )
18 Director of the National Benefits )
   Center, USCIS; **UR M. JADDOU**, )
19 in his official capacity**,** Secretary of )
   the Director of the United States
20 Citizenship and Immigration
   Services; **MERRICK GARLAND**,
21 U.S. Attorney General; and
   **CHRISTOPHER A. WRAY**,
22 Director, Federal Bureau of
   Investigations,
23
24      Defendants
25

                 **1**  COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

I. **INTRODUCTION**

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. § 1361, the mandamus status; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 551 et. Seq., § 706(1) and §702, the Administrative Procedure Act, ("APA").

2. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate Robert Habel's ("Mr. Habel") Application to Adjust Status to Lawful Permanent Resident (Form I-485) without further delay.

3. Mr. Habel is an alien who is statutorily eligible to adjust status to that of permanent resident based upon his bona fide marriage to a United States Citizen. Mr. Habel's Application for Adjustment, Form I-485, has been unlawfully delayed by Defendants. As a consequence, this Court has jurisdiction to order Defendants to adjudicate Plaintiff's application.

4. Mr. Habel's I-485 adjustment of status application was received by USCIS on February 8, 2021.

5. According the USCIS website, as of January 2, 2024, the normal processing time for Mr. Habel's I-485 is 18 months. This shows that Mr. Habel's application is now approximately one year and four months behind normal processing time. This delay in processing the application is unreasonable and unlawful. Thus, Mr. Habel files this writ for mandamus action.

## II.    JURISDICTION AND VENUE

6. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651 because Mr. Habel asks this Court to compel Defendants, officers of the United States, to perform their duty owed under INA § 208(d)(5)(A)(ii)-(iii), 8 U.S.C. § 1158(d)(5)(A)(ii)-(iii).

7. Jurisdiction is also conferred on this Court pursuant to 5 U.S.C. § 704 as Mr. Habel is aggrieved by adverse agency action which this Court is authorized to remedy under the Administrative Procedures Act, 5 U.S.C. §§ 702 et seq.

8. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 2201-02 which authorizes the issuance a declaratory judgment.

9. Costs and fees are sought pursuant to the Equal Access to Justice Act, 5U.S.C. § 504 and 28 U.S.C. § 2412(2), et seq.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)because this judicial district is where the Defendants, acting through the New York United States Citizenship and Immigration Services Ofice, have failed to take action required by law.

## III.    PARTIES

11. Plaintiff, Robert Habel, a resident of Brooklyn, New York, is the applicant of an I-485, Application to Register Permanent Residence or Adjust Status, filed with the USCIS.

12. Defendant Michael Borgen is the Acting District Director of the New York USCIS Office and is sued herein in his official capacity.  *See* 8 C.F.R. §§ 2.1, 103.1.

13. Defendant Joseph Cardinale is the New York City Acting Field Office Director of USCIS and is sued herein in his official capacity. *See* 8 C.F.R. §§ 2.1, 103.1.

14. Defendant Stephen Rosina is the New York City Field Office Director (AOS) and is sued herein his official capacity. *See* 8 C.F.R. §§ 2.1, 103.1.

15. Defendant Robert Cowan is the Director of the National Benefits Center of USCIS and is sued herein in his official capacity. 8 C.F.R. §§ 2.1, 103.1.

16. Defendant Ur M. Jaddou is the Director of USCIS and is sued herein in his official capacity. USCIS is an agency within the DHS to which DHS's authority has, in part, been delegated.

17. Defendant Alejandro Mayorkas is the Director of DHS and is sued herein in his official capacity as the Secretary of the DHS. In this capacity, he has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to § 402 of the Homeland Security Act of 2002, 107 Pub. L. 296 Stat. 2135 (Nov. 25, 2002); *see also* 8 U.S.C. § 1103(a).

18. Defendant Merrick Garland is sued in his official capacity as the Attorney General of the Department of Justice. In this capacity, he has responsibility for providing access to criminal history record information pursuant to 8 U.S.C. § 1005 (b), 8 U.S.C. § 1103(g).

19. Christopher A. Wray is sued in his official capacity as the Director of the U.S. Federal Bureau of Investigation. In this capacity, he has responsibility for providing access to criminal history record information pursuant to 8 U.S.C. § 1005 (b), 8 U.S.C. § 1103(g).

## IV. FACTUAL ALLEGATIONS

**A. Defendants Have a Statutory Duty to Process Plaintiff's Adjust of Status Application**

20. Mr. Habel is a native and citizen of Hungary who came to the U.S. on April 12, 2000 as a visitor, possessing an B1/B2 visa.

21. He filed an I-485 application for adjustment of status based on his marriage to a United States citizen. Defendants acknowledged receipt of the I-485 Application with receipt number MSC2190921751, dated February 8, 2021.

22. Mr. Habel was fingerprinted on July 30, 2021.

23. USCIS interviewed Mr. Habel on May 24, 2023. The officer who interviewed him said his application was fine, that she did not need additional documents and would reach a decision soon.

24. Since his interview, Mr. Habel has monitored the status of his case very closely. He checks his status online weekly. Current counsel sent a follow-up letter to the New York USCIS Office in November 2023 to inquire into the status of his case. Subsequently thereafter, she submitted an online inquiry to USCIS and received an email with a response indicating that the case is within normal processing time. There was no additional information provided by USCIS.

25. The unlawful delays have created great stress on Mr. Habel and his family. He has been unable to visit his family in Hungary.

26. Because of his current status, however, Mr. Habel would be unable to travel to visit them before first obtaining a travel document, which would require substantial additional cost and unknown delay.

27. In addition, more than two years and ten months have passed since Mr. Habel filed his application. Had his application been processed in a timely manner, he would be eligible to file for naturalization soon.

28. As a result of the torturous state of uncertainty that Defendants' inaction has created, he has been compelled to initiate the present action.

## CAUSES OF ACTION

## COUNT ONE

### APA Violation by DHS/USCIS of 5 U.S.C. § 555(b), *et seq.*

29. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

30. The Administrative Procedure Act ("APA") requires that "within a reasonable amount of time, each [federal agency] shall proceed to conclude a matter presented to it." *See* 5 U.S.C. §555(b).

31. The APA further states that U.S. District Courts shall "compel agency action unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. § 706(1).

32. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702. Agency action includes a failure to act. *See* 5 U.S.C. § 551(13).

33. Under the APA, Defendant USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiff's I-485, and to do so within a reasonable time.

34. Under the INA, DHS, and USCIS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to complete the adjudication of Plaintiff's I-

485. *See* 8 C.F.R. § 103.2(b)(19) (requiring a written decision on petitions and applications).

35. Plaintiff challenges only the reasonableness of Defendants' delay or inaction in the adjudication of his I-485 application, not the grant or denial of the application.

36. The APA requires that federal agencies to conclude matters presented to it "within a reasonable time." 5 U.S.C. § 555(b).

37. The current processing time for Plaintiff's I-485 application is 18 months.

38. Plaintiff's I-485 application has been pending since February 8, 2021, almost three years.

39. There is no doubt that the Defendants' delay here is unreasonable.

40. Plaintiff has exhausted his remedies.

## COUNT TWO

Mandamus

41. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth there.

42. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform duty owed to the Plaintiff. *See* 28 U.S.C. § 1361.

43. Defendants have a nondiscretionary duty to adjudicate Plaintiff's application for adjustment of status.

44. Plaintiff has no other adequate remedy available to him to compel Defendants to adjudicate his application.

## COUNT THREE

Administrative Procedure Act

45. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth there.

46. Pursuant to 5 U.S.C. § 706(2)(A), a reviewing court shall "hold unlawful and set aside agency action…found to be arbitrary, capricious, an abuse of discretion or not otherwise in accordance with law."

47. By failing to give effect to the provisions of the Immigration and Nationality Act, Defendants' decision violates the Administrative Procedures Act and constitutes agency action that is arbitrary, capricious, and contrary to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Accept jurisdiction and maintain continuing jurisdiction of this action;

b. Declare Defendants' action in this matter an abuse in discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1), 5 U.S.C. § 706(2)(C), and 28 U.S.C. §§ 2201-02;

c. Issue a permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to make a determination on Plaintiff's I-485 application within thirty days;

d. Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling Defendants to make a determination on Plaintiff's I-485 adjustment application within thirty days;

e. Grant attorneys' fees and costs of this action under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), *et seq*.; and

     f.  Grant such other relief as the Court deems necessary and proper.

                              Respectfully submitted,

Date: January 31, 2024                    By:    /s/ Mei F. Chen
                                              Mei F. Chen
                                              Attorney for Plaintiff

# PROOF OF SERVICE

I, the undersigned, declare that my business address is in Canton, Georgia. I am over the age of eighteen (18) years and not a party to the action within. My business address is P.O. Box 5105, Canton, Georgia 30114. On January 24, 2024, I served the following documents:

**Complaint for Writ of Mandamus and Declaratory Judgment** by placing a true and correct copy in a sealed envelope, each addressed as follows:

Michael Borgen
USCIS New York City
26 Federal Plaza, 3rd Floor, Room 3-120
New York, NY 10278

Joseph Cardinale
USCIS New York City
26 Federal Plaza, 3rd Floor, Room 3-120
New York, NY 10278

Stephen Rosina
USCIS New York City
26 Federal Plaza, 3rd Floor, Room 3-120
New York, NY 10278

Robert Cowan
USCIS National Benefits Center
850 S. Street
Lincoln, NE 68508-2521

Merrick Garland
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Alejandro Mayorkas
Department of Homeland Security
U.S. Department of Homeland Security
Washington, DC 20528

Ur M. Jaddou
U.S. Citizenship and Immigration Services
2707 Martin Luther King Jr. Avenue, SE
Washington, DC 20528

Christopher A. Wray
Federal Bureau of Investigations
935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001

**By mail.**  I am readily familiar with the business for collection and processing of correspondence for mailing in the United States Postal Service and that this document, with postage fully prepaid, will be deposited with the United States Postal Service this date in the ordinary course of business.

      I declare under the penalty of perjury that the foregoing is true and correct.  Executed on January 31, 2024, at Canton, Georgia.

                                                     /s/ Mei F. Chen
                                                       Mei F. Chen